# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Sara A. Fitch, Administratrix
of the Estate of Roger D. Fitch,

      Plaintiff,

v.                                        CIVIL ACTION NO.: 2:23-cv-00572
                                        (Formerly Civil Action No.: 23-C-200 in
                                        Wood County Circuit Court)

Katherine Warner, D.O.,
Weatherby Locums, Inc., a Florida corporation,

      Defendants.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Weatherby Locums, Inc. ("Defendant"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal to the United States District Court for the Southern District of West Virginia. As grounds for removal, Defendant offers the following:

1. Defendant Weatherby was served with Plaintiff's Summons and Complaint through the West Virginia Secretary of State on July 25, 2023. Copies of the Summons, service of process documents, and the Complaint are collectively attached hereto as **Ex. A**. As of the date of the filing of this Notice of Removal, Defendant Katherine Warner, D.O. has not been served with a Summons and/or Complaint.

2. Thirty days or less have elapsed between the service of Plaintiff's Summons and Complaint and the filing of this Notice of Removal. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

3. This Court is a proper venue pursuant to 28 U.S.C. § 1391(b) because the alleged events giving rise to Plaintiff's claims occurred in Wood County, West Virginia.

4. As set forth in detail below, removal is proper and this Court has original jurisdiction over this civil action because the amount in controversy exceeds $75,000.00, and it involves citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

A. **Amount in Controversy**

5. Plaintiff's Complaint does not include a prayer for a specific dollar amount. *See* **Ex. A**.

6. When a specific amount of damages is not set forth in a Complaint, courts are supposed to analyze the allegations and severity of alleged damages in order to determine whether or not the amount in controversy exceeds $75,000.00:

> Lacking an expressed statement of the amount claimed, a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal. Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim. If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof.

*Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 968 (S.D. W. Va. 2011) (footnote omitted).

7. The face of Plaintiff's Complaint clearly establishes that the amount in controversy reasonably exceeds $75,000.00. The Complaint stems from allegations that Defendant Katherine Warner, D.O. was negligent in providing care and treatment to Roger D. Fitch. **Ex. A**. In sum, Plaintiff alleges that Mr. Fitch "developed multi-system organ failure as a result of the surgery performed by Defendant Katherine Warner, D.O." *Id*. at ¶ 14. Plaintiff further alleges that these injuries proximately caused Mr. Fitch to sustain "pain, suffering and mental anguish" and "death." *Id*. at ¶¶ 19, 20. In addition, Plaintiff asserts that she is entitled to recover compensation for loss

of income of Roger D. Fitch, expenses for the care, treatment, and hospitalization of Roger D. Fitch, reasonable funeral expenses, and other damages *Id*. at ¶ 25.

8. While Defendant categorically denies that Plaintiff's claim has any merit, allegations regarding medical negligence that results in death certainly establish that the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).[1] *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F3d 192, 200 (4th Cir. 2008) ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that . . . '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332,' so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." (internal citations omitted)).

**B.** **Citizenship of the Parties**

9. For purposes of diversity actions, an individual's citizenship is determined by the person's domicile. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). A person's domicile is the place in which a person is "living . . . with intent to make it a fixed and permanent home." *C.I.R. v. Swent*, 155 F.2d 513, 515 (4th Cir. 1946).

10. Plaintiff is a West Virginia resident. *See* Ex. A, Compl. at ¶ 1.

11. At the time of the commencement of this action and at the time of removal, Defendant Katherine Warner, D.O. is a resident and domiciliary of the State of Washington.

12. A corporate entity is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

---

[1] If Plaintiff wishes to stipulate that the alleged damages are capped at $75,000.00, Defendant will respectfully withdraw its Notice of Removal.

13. Defendant Weatherby Locums, Inc. is and was a Florida corporation with its principal place of business in Ft. Lauderdale, Florida. Accordingly, Defendant Weatherby Locums, Inc. is a citizen of the State of Florida.

11. Therefore, complete diversity exists among the parties.

**C.** **<u>Necessary Attachments and Conclusion</u>**

12. Pursuant to L.R. Civ. P. 3.4(b), a copy of the Docket Sheet from Wood County is attached as **Ex. B**.

13. A copy of the Notice of Removal of Action to Federal Court filed in Wood County is attached as **Ex. C**.

14. A copy of the Civil Docket Cover Sheet is attached hereto as **Ex. D**.

15. Defendant will file timely pleadings in response to Plaintiff's Complaint pursuant to Rule 81 of the *Federal Rules of Civil Procedure*.

16. Defendant's Notice of Removal complies with all provisions of 28 U.S.C. § 1446 governing the process for removal. As explained above, the amount in controversy exceeds $75,000.00 and the parties are diverse. Therefore, removal of this civil action from state court to this Court is legally proper. *See* 28 U.S.C. § 1441(a).

Wherefore, Defendant Weatherby Locums, Inc. files this Notice to remove the action now pending in the Circuit Court of Wood County, West Virginia, Civil Action No.: 23-C-200, to the United States District Court for the Southern District of West Virginia.

Respectfully submitted this 24th day of August, 2023.

**WEATHERBY LOCUMS, INC.,**

**By Counsel:**

|  |  |
|---|---|
| **STEPTOE & JOHNSON PLLC** | /s/Anders W. Lindberg<br>Anders W. Lindberg (WVSB # 8876)<br>Stacey Richards-Minigh (WVSB # 9711)<br>825 Third Avenue, Suite 400<br>Huntington, West Virginia 25701<br>Phone (304) 522-8290<br>Fax (304) 526-8089<br>Anders.Lindberg@steptoe-johnson.com<br>Stacey.Minigh@steptoe-johnson.com |

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Sara A. Fitch, Administratrix
of the Estate of Roger D. Fitch,

      **Plaintiff,**

v.                      CIVIL ACTION NO.: 2:23-cv-00572
                                    (Formerly Civil Action No.: 23-C-200 in
                                    Wood County Circuit Court)

**Katherine Warner, D.O.,**
**Weatherby Locums, Inc., a Florida corporation,**

      **Defendants.**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the ***"Notice of Removal of Action to Federal Court"*** was filed using the CM/ECF system this 24th day of August, 2023, which will send notification of such filing to the following, and which I also served by U.S. Mail, first class postage prepaid, on:

David A. Sims
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105

                                                /s/Anders W. Lindberg