THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Sara A. Fitch, Administratrix
of the Estate of Roger D. Fitch,

    **Plaintiff,**

v.                                       CIVIL ACTION NO.: 2:23-cv-00572
                                                (Formerly Civil Action No.: 23-C-200 in
                                                Wood County Circuit Court)

Katherine Warner, D.O.,
Weatherby Locums, Inc., a Florida corporation,

    **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT WEATHERBY LOCUMS, INC.'s MOTION TO DISMISS**

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Weatherby Locums, Inc. ("Weatherby"), by counsel, Anders W. Lindberg, Stacey Richards-Minigh, and Steptoe & Johnson PLLC respectfully submits the following *Memorandum of Law in Support of Defendant Weatherby Locums, Inc.'s Motion to Dismiss*.

**I.    INTRODUCTION**

    Plaintiff Sara A. Fitch, Administratrix of the Estate of Roger D. Fitch ("Plaintiff"), has not stated a cognizable cause of action against Weatherby. The Complaint is devoid of any factual allegations other than bare legal conclusions to support Plaintiff's erroneous assertion that Weatherby can be found vicariously liable for the alleged medical malpractice of Defendant Katherine Warner, D.O. ("Dr. Warner"). West Virginia law appreciates that physicians must be free to make independent medical decisions and has found that physicians are independent contractors when no control is exerted over the manner in which they treat their patients. The applicable agreements between Weatherby, Dr. Warner, and WVU Medicine all recognize the

1

autonomy of Dr. Warner to render medical care and provide that she is an independent contractor. Accordingly, because Dr. Warner is an independent contractor, Weatherby must be dismissed from the instant action.

II.     **BACKGROUND**

The subject action involves allegations of medical negligence arising from the care and treatment provided to Plaintiff's Decedent, Roger D. Fitch ("Mr. Fitch"), at WVU Medicine Camden Clark Medical Center. According to the Complaint, Dr. Warner performed surgery on Mr. Fitch on November 24, 2021. Compl. at ¶ 9. Plaintiff claims that Dr. Warner was negligent in her treatment of Mr. Fitch, and that such negligence was the cause of Mr. Fitch's death. Compl. at ¶ 14. Plaintiff further alleges that Weatherby was Dr. Warner's employer and, as a result, Weatherby is vicariously liable for the alleged negligence of Dr. Warner. Compl. at ¶ 6, 23.

As of the time Dr. Warner was treating Mr. Fitch on November 24, 2021, Warner Vascular Services, PLLC ("WVS") had entered a "Professional Services Agreement for Locum Tenens Services Provided by a Legal Entity" ("PSA") with Weatherby. A true and complete copy of the PSA is attached hereto as "**Exhibit 1**." The PSA explains that Weatherby is a locum tenens physician staffing service. *Id.* at p. 1. Pursuant to the PSA, Weatherby engaged WVS "on an *independent contractor basis* to furnish locum tenens physician services to Weatherby clients." *Id.* at p. 1 (Scope of Agreement, Entity)(emphasis added). The PSA provides that WVS "shall provide Services hereunder exclusively through Dr. Katherine Warner. . . ." *Id.* In addition, the PSA outlined the various responsibilities of Weatherby and WVS through the services of Dr. Warner. *Id.* Section 1.6 provides, in part, "Entity shall exercise independent judgment and control over the provision of Services." *Id.* at § 1.6. Furthermore, Section 1.12 of the PSA specifically provided as follows:

2

> 1.12 *Entity is an independent contractor and not an employee of Weatherby or Client for any purpose.* Weatherby does not make clinical decisions for Entity and does not have the right, expertise, or otherwise to direct or control the clinical services performed by Entity.

*Id.* at § 1.12 (emphasis added). The PSA also provided WVS with the right to decline any opportunities offered. *Id.* at § 1.2.

Further, Weatherby and WVU Medicine were parties to an "Agreement for Physician Locums Tenens Coverage Fees in Confirmation" ("Agreement"), which specifically stated that each physician supplied by Weatherby to WVU Medicine was an independent contractor of Weatherby. A true and complete copy of the Agreement is attached hereto as "**Exhibit 2**." Section 2.C of the Agreement also states, "Weatherby *does not make clinical decisions* for Physicians and *does not otherwise direct or control the clinical services* provided by Physicians." *Id.* at § 2.C (emphasis added).

***The Complaint contains no factual allegations to support its erroneous legal conclusions that Weatherby is vicariously liable for the actions of Dr. Warner.*** As the agreements set forth above demonstrate, WVS acting through Dr. Warner is an independent contractor of Weatherby. Thus, Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim against Weatherby.

### III. LEGAL ARGUMENT

**A. Standard for Motion to Dismiss**

A trial court should grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545. In other words, the standard to survive a motion to dismiss "demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Courts also should not consider "unwarranted inferences, unreasonable conclusions, or arguments." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (internal quotation marks omitted). Importantly, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Here, Weatherby is not a medical provider, nor has Plaintiff asserted that it is one. Plaintiff seeks to hold Weatherby liable for the actions of Dr. Warner solely on the basis of vicarious liability. However, the Complaint fails to allege any facts arising above the level of a bare assertion to support the erroneous legal conclusion that Weatherby is vicariously liable. Accordingly, Weatherby's Motion to Dismiss should be granted.

4

>   B.   **Under West Virginia law, a principal is not vicariously liable for the negligence of an independent contractor.**

Under West Virginia law, "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servant." *Pasquale v. Ohio Power Co.*, 187 W. Va. 292, 302, 418 S.E.2d 738, 748 (1992) (*quoting Peneschi v. National Steel Corp.,* 170 W.Va. 511, 521, 295 S.E.2d 1, 11 (1982), *quoting Restatement (Second) of Torts* § 409 (1976)).  The test for determining whether an independent contractor relationship exists is "whether the one claiming the existence of the independent contractor relationship either controls or has the right to control the work." *Sanders v. Georgia-Pacific Corp.*, 159 W. Va. 621, 628, 225 S.E.2d 218, 222 (1976).  The Supreme Court of Appeals of West Virginia explained that "the power of control 'factor refers to control over the means and method of performing the work.'" *Shaffer v. Acme Limestone Co., Inc.*, 206 W. Va. 333, 524 S.E.2d 688, 696 (1999) (*citing McDonald v. Hampton Training Sch. for Nurses,* 254 Va. 79, 81, 486 S.E.2d 299, 301 (1997).  In addition to "the power of control," the following factors may be considered in determining whether an independent contractor or employer-employee relationship exists: (1) the selection and engagement of the servant; (2) payment of compensation; and (3) power of dismissal.  *Fitzwater v. Harding*, 203 W. Va. 627, 629, 510 S.E.2d 286, 288 (1998).  However, these other factors "are not essential," while the "power of control" is determinative.  *Id.*

Here, WVS, acting through Dr. Warner, was an independent contractor of Weatherby.  The parties specifically defined their relationship as such in the PSA between Weatherby and WVS acting through Dr. Warner, and in the Agreement between Weatherby and WVU Medicine.  Weatherby did not control Dr. Warner's means and method of performing the provision of medical care and treatment, nor did it have the right or ability to do so.

5

Even if it did, a principal may reserve some control over the manner in which work is done, and that reservation does not destroy the independent contractor relationship where the contractor is not deprived of his judgment in the execution of his or her duties. *Shaffer*, 524 S.E.2d at 696. As the *Shaffer* court recognized, under the "seminal case" of *Paxton v. Crabtree*, 184 W. Va. 237, 400 S.E.2d 245 (1990), one who engages an independent contractor "may retain broad general power of supervision and control as to the results of the work so to insure satisfactory performance of the contract – including the right to inspect, to stop the work, to make suggestions or recommendations as to the details of the work, or to prescribe alterations or deviations in the work – without changing the relationship from that of owner and independent contractor, or [changing] the duties arising from that relationship." *Id.* at 696. In the context of the provision of medical care, the Supreme Court of Appeals of West Virginia in *Cunningham v. Herbert J. Thomas Mem'l Hosp. Ass'n*, 230 W. Va. 242, 737 S.E.2d 270 (2012) examined a contractual relationship between defendant physicians and a hospital. In *Cunningham*, the Court found that even though the hospital retained "broad general powers of supervision and control as to the results of the work," the physicians were not agents or employees of the hospital, and the hospital could not be held liable under a theory of vicarious liability. *Id.* at 280.

In the case at bar, West Virginia law dictates a finding that Dr. Warner is an independent contractor. Pursuant to Section 1.6 of the PSA, Weatherby retained no control over Dr. Warner's independent medical decisions. Ex. 1 at § 1.6. In Sections 1.5 and 1.6, Weatherby only required that Dr. Warner follow the "policies, procedures, by-laws and standards" of the hospitals in which she works and to maintain appropriate patient records. Ex. 1 at § 1.5, 1.6. These requirements of Weatherby affected no degree of control over Dr. Warner's conduct and exercise of professional judgment as a physician. In fact, Section 1.12 of the PSA specifically provides: "Weatherby does

6

not make clinical decisions for Entity and does not have the right, expertise, or otherwise to direct or control the clinical services performed by Entity." Ex. 1 at § 1.12. Thus, under the legal authorities discussed *supra*, Dr. Warner is clearly an independent contractor.

Medicine requires the physician to have the flexibility to make her own decisions within the limits of hospital policy and procedure. A physician's training and expertise requires that she weigh a multitude of subjective and objective factors before passing judgment on a diagnosis or method of treatment. Given this very subjective nature of medicine, a physician has to have the unfettered ability to make the final judgment on patient treatment. As such, Weatherby retains no control whatsoever over the decisions of a medical provider. Dr. Warner is clearly an independent contractor and, as a matter of law, Weatherby cannot be vicariously liable for her conduct. As such, Weatherby's Motion to Dismiss should be granted.

### IV.  CONCLUSION:

In this case, Plaintiff has failed to plead any facts to demonstrate that Weatherby in any way controlled the conduct of Dr. Warner. As a matter of law, Dr. Warner was an independent contractor of Weatherby. For all of the foregoing reasons, Defendant Weatherby Locums, Inc. is entitled to judgment as a matter of law on all of Plaintiff's claims against it, and to such other and further relief as justice requires.

Respectfully submitted,

**WEATHERBY LOCUMS, INC.,**

By Counsel:

/s/Anders W. Lindberg
Anders W. Lindberg (WVSB #8876)
Stacey Richards-Minigh (WVSB #9711)
**STEPTOE & JOHNSON, PLLC**
825 Third Avenue, Suite 400
P.O. Box 2195

Huntington, WV  25722-2195
Phone: (304) 522-8290
Fax: (304) 526-8089
Anders.Lindberg@steptoe-johnson.com
Stacey.Minigh@steptoe-johnson.com

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**Sara A. Fitch, Administratrix**
**of the Estate of Roger D. Fitch,**

    **Plaintiff,**

v.                                                    CIVIL ACTION NO.: 2:23-cv-00572
                                                     (Formerly Civil Action No.: 23-C-200 in
                                                     Wood County Circuit Court)

**Katherine Warner, D.O.,**
**Weatherby Locums, Inc., a Florida corporation,**

    **Defendants.**

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that a copy of the ***"Memorandum of Law in Support of Defendant Weatherby Locums, Inc.'s Motion to Dismiss"*** was filed using the CM/ECF E-Filing system this 24th day of August, 2023, which will send notification of such filing to the following, and which I also served by U.S. Mail, first class postage prepaid, on:

David A. Sims
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105

<u>/s/Anders W. Lindberg</u>
