THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Sara A. Fitch, Administratrix
of the Estate of Roger D. Fitch,

      **Plaintiff,**

v.                                          CIVIL ACTION NO.: 2:23-CV-00572
                                               (Formerly Civil Action No.: 23-C-200 in
                                               Wood County Circuit Court)

Katherine Warner, D.O.,
Weatherby Locums, Inc., a Florida corporation,

      **Defendants.**

**DEFENDANT WEATHERBY LOCUMS, INC.'S JOINT REPLY IN SUPPORT OF MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EXHIBITS FROM CONSIDERATION**

      Defendant, Weatherby Locums, Inc., ("Weatherby") by counsel, Anders W. Lindberg, Stacey Richards-Minigh, and Steptoe & Johnson PLLC submits the following joint reply to *Plaintiff's Response to Defendant Weatherby Locum, Inc.'s Motion to Dismiss with Prejudice* and response to *Plaintiff's Motion to Exclude Exhibits from Consideration*.

**INTRODUCTION**

      If the Court decides that the exhibits attached to Weatherby's Motion to Dismiss preclude consideration of Weatherby's motion under Rule 12(b)(6), it is within the Court's discretion to treat Weatherby's motion as a motion for summary judgment. Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). West Virginia law firmly holds an employer may not be held vicariously liable for the alleged torts of an independent contractor. The two employment contracts attached to Weatherby's Motion to Dismiss clearly demonstrate there

1

is no genuine dispute that Dr. Warner served as an independent contractor at WVU Medicine Camden Clark Center.

Plaintiff's Response and Motion to Exclude fail to indicate how discovery would create a dispute of material fact regarding Dr. Warner's restricted scope of employment. Rather, Plaintiff's motions discuss judicial notice of exhibits and unfounded "dangerous activity" exceptions for surgical procedures, both of which are immaterial to this Court's decision to convert and grant Weatherby's motion. As such, it is proper for this court to grant Defendant Weatherby's Motion to Dismiss, or, covert its motion into a motion for summary judgment and grant judgment in favor of Weatherby as a matter of law because no genuine issue of material fact exists.

## LEGAL ARGUMENT

**A.      The Court has discretion to convert Defendant Weatherby's Motion to Dismiss to a Motion for Summary Judgment.**

When matters outside the pleadings are presented, district courts may convert a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment and assess whether genuine issues of material fact exist. *See, e.g.*, *George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366, at 159-65 & n.17 (3d ed. 2004) (listing multiple cases from every circuit recognizing the district court's discretionary power to convert a Rule 12(b)(6) motion to a Rule 56 motion). Federal Rule of Civil Procedure 12(d) states, "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Summary judgment is proper "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering whether conversion is appropriate, the district court must consider whether the parties had (1) "adequate notice" and (2) "a reasonable opportunity to

2

present all material made pertinent to such a motion by Rule 56." *Finley Lines Joint Protective Bd. Unit 200, Bhd. Ry. Carmen v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997).

1. **Plaintiff received adequate notice that Weatherby's Motion to Dismiss may be treated as a Motion for Summary Judgment.**

"When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). The notice requirement for converting Weatherby's motion to dismiss to a motion for summary judgment is satisfied. Weatherby's Motion to Dismiss presents exhibits to the Court detailing the independent contractor arrangement between Weatherby and Dr. Warner. The presentation of these two exhibits placed Plaintiff on notice that Weatherby's Motion to Dismiss may be treated as a motion for summary judgment.

2. **Plaintiff's Response and Motion to Exclude fails to identify how discovery will create a dispute of material fact.**

The term "reasonable opportunity requires that all parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay*, 761 F.2d at 177 (internal quotation marks and citations omitted). Plaintiff was adequately placed on notice that Weatherby's Motion to Dismiss could be considered as a motion for summary judgment. Yet, Plaintiff's Response and Motion to Exclude fails to detail why additional discovery would be anything but futile.

When a party lacks material facts necessary to combat a summary judgment motion, she may file an "affidavit or declaration that, for specified reasons, [the party] cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Rather than detail reasons why discovery is necessary to combat Weatherby's motion, Plaintiff spends the bulk of her response arguing that

the Court should not take judicial notice of Weatherby's exhibits. Judicial notice is not a necessary consideration for this Court in deciding to convert Weatherby's Motion to Dismiss into a motion for summary judgment or grant it. Neither are legally unsupported "exceptions" to the independent contractor defense that performing surgery is "inherently dangerous" work. Plaintiff cites no case law holding that surgery has been found to constitute "inherently dangerous" work under West Virginia law.

Put simply, Plaintiff fails to identify a thread of "reasonable discovery" that could reveal a genuine issue of material fact as to Plaintiff's vicarious liability claim. To prevail on a vicarious liability claim, Plaintiff must prove Weatherby "controls or has the right to control [Dr. Warner's] work." *Sanders v. Georgia-Pacific Corp.*, 159 W. Va. 621, 628, 225 S.E.2d 218, 222 (1976). At the time Dr. Warner was treating Plaintiff's decedent on November 24, 2021, Dr. Warner was engaged as "an *independent contractor and not an employee of Weatherby or Client* [WVU Medicine Camden Clark Center] *for any purpose*." *See* Dkt. 3–1; Dkt. 3–2. The employment contracts attached to Weatherby's Motion to Dismiss show there is no genuine issue of material fact that Dr. Warner served as an independent contractor and that Weatherby did not retain power or control over her medical services. As such, Weatherby cannot be held vicariously liable for Dr. Warner's alleged negligent acts under West Virginia law. Therefore, Weatherby's Motion to Dismiss should be granted. Or, if the Court deems proper, Weatherby's Motion to Dismiss should be converted to a motion for summary judgment and granted.

## **CONCLUSION**

With matters outside the pleadings presented by Weatherby, the Court has discretion to convert Weatherby's Motion to Dismiss to a motion for summary judgment. Plaintiff was adequately placed on notice that Weatherby's Motion to Dismiss could be considered as such. Yet,

Plaintiff failed to identify how further discovery would create a dispute of material fact with respect to Weatherby's control over the conduct of Dr. Warner during her tenure as an independent contractor. For the foregoing reasons, Defendant Weatherby is entitled to judgment as a matter of law on all of Plaintiff's claims against it, and to such other and further relief as justice requires.

    Respectfully submitted,

    **WEATHERBY LOCUMS, INC.,**

    By Counsel:

/s/Anders W. Lindberg
Anders W. Lindberg (WVSB #8876)
Stacey Richards-Minigh (WVSB #9711)
**STEPTOE & JOHNSON, PLLC**
825 Third Avenue, Suite 400
P.O. Box 2195
Huntington, WV  25722-2195
Phone: (304) 522-8290
Fax: (304) 526-8089
Anders.Lindberg@steptoe-johnson.com
Stacey.Minigh@steptoe-johnson.com

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Sara A. Fitch, Administratrix
of the Estate of Roger D. Fitch,

      Plaintiff,

v.                                     CIVIL ACTION NO.: 2:23-CV-00572
                                       (Formerly Civil Action No.: 23-C-200 in
                                       Wood County Circuit Court)

Katherine Warner, D.O.,
Weatherby Locums, Inc., a Florida corporation,

      Defendants.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of ***"Defendant Weatherby Locums, Inc.'s Joint Reply in Support of Motion to Dismiss and Response in Opposition to Plaintiff's Motion to Exclude Exhibits from Consideration"*** was filed using the CM/ECF E-Filing system this 19th day of September, 2023, which will send notification of such filing to the following, and which I also served by U.S. Mail, first class postage prepaid, on:

David A. Sims
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105

                                                                          /s/Anders W. Lindberg