IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

SARA A. FITCH, *Administratrix*
*of the Estate of Roger D. Fitch*,

                Plaintiff,

v.                                          CIVIL ACTION NO.   2:23-cv-00572

KATHERINE WARNER, D.O. and
WEATHERBY LOCUMS, INC.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Weatherby Locums, Inc.'s Motion to Dismiss* (Document 3), the *Memorandum of Law in Support of Defendant Weatherby Locums, Inc.'s Motion to Dismiss* (Document 4), the *Plaintiff's Response to Defendant Weatherby Locums, Inc.'s Motion to Dismiss with Prejudice* (Document 7), the *Plaintiff's Motion to Exclude Exhibits from Consideration* (Document 8), the *Plaintiff's Memorandum of Law in Support of Her Motion to Exclude Exhibits from Consideration* (Document 9), *Defendant Weatherby Locums, Inc.'s Joint Reply in Support of Motion to Dismiss and Response in Opposition to Plaintiff's Motion to Exclude Exhibits from Consideration* (Document 10), as well as all attached exhibits.  For the reasons stated herein, the Court finds that the motion to dismiss should be denied.

**FACTUAL ALLEGATIONS**

The Plaintiff is Sara Fitch, Administratrix of the Estate of her late husband, Roger D. Fitch. The Defendants are Katherine Warner, D.O., and Weatherby Locums, Inc. ("Weatherby").   Mr. Fitch was a West Virginia citizen.   Dr. Warner is a physician licensed to practice in West Virginia

and allegedly a citizen of the state of Washington. (Document 1 ¶11.)[1] Weatherby is a locum tenens physician staffing service incorporated and maintaining a principal place of business in Florida.

On November 24, 2021, Dr. Warner performed surgery on Mr. Fitch at WVU Medicine Camden Clark Memorial Hospital. According to the Complaint, on the day of surgery Mr. Fitch received general anesthesia at 7:51 a.m., and Dr. Warner began the surgical procedure at 8:17 a.m. The surgery proceeded in four parts. First, Dr. Warner exposed the popliteal artery below Mr. Fitch's knee and his peroneal artery via a fibulectomy, wherein part of Mr. Fitch's calf bone was removed to expose the artery. Next, Dr. Warner performed a popliteal to peroneal artery bypass using a reversed great saphenous vein graft. When the original bypass did not appear to work, Dr. Warner performed a distal peroneal artery to peroneal vein arterio-venous (AV) fistula, connecting the two blood vessels. Finally, Dr. Warner attempted a bypass from the saphenous vein graft to a more distal portion of the peroneal artery where she had performed the AV fistula. Dr. Warner had not yet established blood flow to Mr. Fitch's foot when Mr. Fitch became clinically unstable during the final part of the procedure, requiring CPR. The procedure was abruptly concluded, and Mr. Fitch was transferred to the intensive care unit for further medical intervention and placed on a ventilator. In total, the procedure took more than fifteen hours and Mr. Fitch spent sixteen hours under anesthesia. Mr. Fitch remained on a ventilator until December 3, 2021, at which time he died of multi-system organ failure.

The Plaintiff contends Mr. Fitch's death resulted from the surgery performed by Dr. Warner. Count One of the Complaint alleges that Dr. Warner was negligent in providing care and

---

1 Inasmuch as it appears Dr. Warner has not been served or otherwise appeared in this case and Fitch does not dispute her citizenship, the Court accepts Weatherby's contention that Dr. Warner is a citizen of Washington, and thus diverse.

treatment to Mr. Fitch, and that such negligence proximately caused his death. Count Two alleges that Weatherby is vicariously liable for Dr. Warner's conduct as her employer. The Plaintiff filed suit in the Circuit Court of Wood County, West Virginia, after which Weatherby timely removed the action to this district. To date, Dr. Warner has not been served.

## APPLICABLE LAW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231,

244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal*, 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Weatherby contends dismissal is appropriate as to Count Two because Dr. Warner was an independent contractor and thus, under West Virginia law, it cannot be held vicariously liable for her alleged malpractice. Fitch argues that the Complaint sufficiently alleges an employer-employee relationship between the Defendants and that Count Two should not be dismissed.

Weatherby's argument is based solely on two contractual agreements submitted for the first time as exhibits to its motion. (*See generally* Documents 3-1, -2.) Fitch urges the Court to exclude the exhibits, contending they fall outside the pleadings and are not the type of documents that this Court may take judicial notice of, and asserting that she needs time to conduct discovery as to the Defendants' relationship. (*See* Documents 7 at 5; 9.)

"Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage," our Court of Appeals has held that "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir.1999)); *Brown Goldstein Levy LLP v. Fed. Ins. Co.*, 68 F.4th 169, 174 (4th Cir. 2023). Federal Rule of Civil Procedure 12(d) further provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Although Fitch does not challenge their authenticity, Weatherby's submitted contracts were not explicitly relied upon in the Complaint, and the Court finds they are not integral to the Complaint. Accordingly, the contracts are not the type of extrinsic evidence which the Court is permitted to consider in analyzing a motion to dismiss. Moreover, to the extent Weatherby requests, in its reply, that the Court convert its motion to dismiss to a motion for summary judgment under Rule 12(d), the Court notes that, under West Virginia law, the question as to

5

whether a person is an employee or an independent contractor is necessarily fact-determinative, and thus more appropriately considered on a motion for summary judgment following the conclusion of discovery. *See* Syl. Pt. 1, *Spencer v. Travelers Ins. Co.*, 133 S.E.2d 735 (W. Va. 1963).

Thus, accepting as true all factual allegations in the Complaint and drawing all reasonable inferences therefrom in the Plaintiff's favor, the Court finds that Fitch has plausibly alleged a vicarious liability claim against Weatherby based upon the existence of an employer-employee relationship between Weatherby and Dr. Warner.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Exclude Exhibits from Consideration* (Document 8) be **GRANTED**, and further **ORDERS** that the Defendant's *Motion to Dismiss* (Document 3) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 19, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA